UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER DIAZ,

    Petitioner,

vs.                                  Case No. 2:09-cv-244-FtM-29DNF
                                         Case No. 2:01-cr-49-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Alexander Diaz's Motion to Vacate Conviction and Sentence Pursuant to Title 28 U.S.C. § 2255 and Request for Evidentiary Hearing (Cv. Doc. #1; Cr. Doc. #153)[1] filed on April 20, 2009. The United States filed its Response in Opposition to [Petitioner]'s Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7) on June 29, 2009.

    On September 5, 2001, Alexander Diaz (petitioner or Diaz) was charged in a five-count First Superceding Indictment with various drug and firearms charges. (Cr. Doc. #44.) On October 9, 2001, petitioner plead guilty to three of the counts before the undersigned pursuant to a Plea Agreement. (Cr. Docs. ##62, 68.)

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

On January 22, 2002, petitioner was sentenced to 210 months concurrent imprisonment on Counts 1 and 5, and 60 months consecutive imprisonment on Count 3, followed by 60 months supervised release. (Cr. Docs. ##88, 90.) Petitioner did not file a direct appeal.

On September 29, 2003 petitioner filed his first § 2255 motion, in which he asserted that his attorney was ineffective for failing to file a direct appeal despite being specifically requested to do so, failing to adequately explain the significance of the appeal waiver provision, failing to object to the calculation of his base offense level as a career offender, failing to object to the failure to receive an adjustment for acceptance of responsibility on the consecutive firearms count or to move for downward departure as to the firearms count, and giving misleading advise concerning the consequences of a guilty plea. On November 18, 2004, the Court entered an Opinion and Order (Cr. Doc. #129) dismissing the first § 2255 motion as untimely. On March 8, 2005, petitioner's appeal was dismissed by the Eleventh Circuit Court of Appeals for want of prosecution. (Case No. 2:03-cv-568-FTM-29SPC, Doc. #24.)

Petitioner filed this second § 2255 motion on April 20, 2009. Petitioner asserts that he was not properly sentenced as a career offender because, in light of the intervening decision in Begay v. United States, 128 S. Ct. 1581 (2008), he did not have a sufficient number of qualifying predicate offenses.

The current §2255 motion must be dismissed for lack of jurisdiction. Before a district court may entertain a second or successive § 2255 motion, it must be certified by a panel of the Eleventh Circuit pursuant to 28 U.S.C. § 2244. See 28 U.S.C. § 2255(h). Since there is no certification reflected in the record, the district court lacks jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Alexander Diaz's Motion to Vacate Conviction and Sentence Pursuant to Title 28 U.S.C. § 2255 and Request for Evidentiary Hearing (Cv. Doc. #1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of July, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Alexander Diaz